O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC MORRIS,<br><br>          Plaintiff,<br>    v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>          Defendant. | Case No. CV 11-10311-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 7, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

1

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the findings of the consultative examiner;
2. Whether the ALJ properly determined Plaintiff's residual functional capacity ("RFC");
3. Whether the ALJ presented the vocational expert ("VE") with a complete hypothetical question;
4. Whether the ALJ properly developed the record regarding Plaintiff's educational background; and
5. Whether the ALJ properly considered Plaintiff's testimony.

(JS at 3.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the

Commissioner's decision must be upheld. <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.
## **DISCUSSION**

**A.     The ALJ's Findings.**

      The ALJ found that Plaintiff has severe physical and mental impairments, including left eye blindness, borderline intellectual functioning, and history of headaches. (AR at 13.) He also found that Plaintiff's medically determinable impairments cause significant limitations in his ability to perform basic work activities. (<u>Id.</u>)

      The ALJ further found that Plaintiff had the RFC to perform medium work, limited by the following accommodations: no more than twenty to fifty pounds of force occasionally, ten to twenty pounds frequently, and zero to ten pounds constantly; stand and walk up to six hours in an eight-hour day; sit for up to six hours in an eight-hour day; and no bilateral vision. (<u>Id.</u> at 14.) Plaintiff was further limited to simple, routine, and repetitive work. (<u>Id.</u>)

      Relying on the testimony of a VE, the ALJ determined that Plaintiff was unable to perform his past relevant work of Air Conditioning Mechanic (Dictionary of Occupational Titles ("DOT") No. 620.281-010) and Automobile Mechanic (DOT No. 620.261-010). (AR at 17.) The ALJ also relied on the VE's testimony to determine that there were alternative occupations such as Vehicle and Equipment Cleaner (DOT No. 919.687-014), Dining Room Attendant (DOT No. 311.677-018), and Bakery Worker, Conveyor Line (DOT No. 524.687-022) that exist in significant numbers in the national economy. (AR at 18.)

**B.     The ALJ Properly Evaluated Plaintiff's Residual Functional Capacity.**

      In Plaintiff's first three claims, he argues that the ALJ failed to properly consider the consultative psychological examiner's opinion that Plaintiff was limited to three-step tasks, failed to properly determine Plaintiff's RFC because

the ALJ determined that Plaintiff could perform simple, repetitive work despite the consultative examiner's opinion that Plaintiff was limited to three-step tasks, and failed to present a complete hypothetical question to the VE because the hypothetical did not include a limitation to three-step tasks. All three of Plaintiff's claims essentially challenge whether the ALJ's determination that Plaintiff can perform simple, repetitive work is consistent with the consultative examiner's finding that Plaintiff is limited to three-step tasks. (JS at 3-13.) The Court finds that the ALJ's RFC assessment is consistent with, and encompasses, the consultative examiner's opinion.

On May 7, 2009, consultative examiner Barbara Gayle, Ph.D., conducted a Psychological Evaluation of Plaintiff. (AR at 215-19.) Dr. Gayle noted Plaintiff's claims of illiteracy and impaired concentration and memory. (Id. at 216.) On examination, Plaintiff exhibited a fund of knowledge in the impaired range. (Id. at 218.) In addition, Plaintiff's results on the Wechsler Adult Intelligence Scale were in the impaired range. However, Dr. Gayle reported that "[t]hese scores are considered suppressed by the claimant's limited academic skills" and that Plaintiff's "[f]unctional intelligence is estimated to be in at least the borderline range." (Id. at 218.) Dr. Gayle diagnosed Plaintiff with illiteracy and borderline cognitive functioning. (Id.) She concluded that Plaintiff can manage his own funds, provide for personal needs, use public transportation independently, interact appropriately with others, and relate cooperatively with an authority figure. (Id. at 219.) Finally, she found that Plaintiff is able to understand, remember, and implement three-part tasks. (Id.)

The ALJ concluded from this evidence that Plaintiff suffers from borderline intellectual functioning and is limited to performing simple, routine, and repetitive tasks. (Id. at 13, 14.) Moreover, during the hearing, the ALJ asked the VE to consider a hypothetical individual who, among other exertional limitations, is limited to simple, routine, repetitive tasks. (Id. at 58-59.) The VE testified that

4

such an individual could not perform Plaintiff's past work, but the individual could perform alternative work.  (Id. at 59-60.)

The ALJ's conclusion that Plaintiff is capable of performing simple, routine, repetitive tasks is consistent with Dr. Gayle's conclusion that Plaintiff is limited to three-part tasks.  A limitation to simple, repetitive work, such as that imposed by the ALJ here, is consistent with a Reasoning Level of 2 under the Dictionary of Occupational Titles.  Meissl v. Barnhart, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005).  In turn, Reasoning Level 2 encompasses the ability to perform work involving more than one- to two-step instructions.  See Grigsby v. Astrue, No. EDCV 08-1413 AJW, 2010 WL 309013, at *2 (C.D. Cal. 2010) (the restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning).  Although the ALJ described Plaintiff's mental impairment differently than Dr. Gayle, this difference does not render the ALJ's assessment inaccurate.  See Wentz v. Comm'n Soc. Sec. Admin., 401 F. App'x 189 (9th Cir. 2010) (finding that ALJ did not present improper hypothetical to vocational expert where ALJ stated claimant was limited to "simple 1, 2, 3 step work but found in his RFC assessment that Plaintiff was limited to "simple, routine, repetitive work").

Because the ALJ's limitation to simple, repetitive work is consistent with Dr. Gayle's limitation to three-step tasks, Plaintiff cannot show that the ALJ erred in considering Dr. Gayle's opinion, improperly assessed Plaintiff's RFC, or presented the vocational expert with an incomplete hypothetical by omitting a limitation to three-step tasks.  Thus, there was no error.

**C.    The ALJ Did Not Improperly Fail to Develop the Record.**

Plaintiff argues that the ALJ failed to fully develop the record regarding Plaintiff's educational background.  Plaintiff contends that the evidence was ambiguous as to whether or not he graduated from high school.  Plaintiff further

asserts that his education records would have shown that he satisfies Listing 12.05(c) (mental retardation). (JS at 13-15.)

The record indicates that Plaintiff has limited literacy. At the hearing before the ALJ, Plaintiff testified that he was "passed through" the 12th grade but cannot read or write. (AR at 29, 43.) Plaintiff further testified that he had been in special education his entire life. (Id.) Moreover, during his consultative psychological evaluation, Plaintiff informed the examiner that he could not read or spell, and that he completed the 12th grade but did not graduate. (Id. at 216.) In a Disability Report, Plaintiff again indicated that he completed the 12th grade but denied having attended special education classes. (Id. at 134.)

During the hearing, the ALJ noted his desire to obtain Plaintiff's junior high school and high school records. (Id. at 47-48.) The ALJ informed Plaintiff's counsel that "[y]ou can get them or I can get them." (Id.) Plaintiff's counsel stated that he would obtain Plaintiff's school records, and the ALJ stated that he would leave the record open for thirty days for counsel to submit the records. (Id. at 47-48, 61.)

In his decision denying benefits, the ALJ noted that he had left the record open for two months past the hearing, but Plaintiff had not submitted any additional evidence. (Id. at 10.) The ALJ went on to explain that the record was ambiguous as to whether Plaintiff graduated from high school:

> The undersigned notes that there is conflicting testimony regarding the claimant's level of education. At the hearing, the claimant testified he had not graduated from high school, but was "passed through." The claimant reported to Dr. Gayle that he completed the 12th grade. In a Disability Report completed in connection with his claim for disability benefits, the claimant indicated he had completed the 12th grade in high school, but denied being in special education. As the

6

        claimant did not proffer education records, the claimant's actual educational background is unclear.

(Id. at 16 (citations omitted).) Ultimately, the ALJ found that Plaintiff suffered from the severe impairment of "borderline intellectual functioning" and limited him to "the performance of simple, routine and repetitive tasks." (Id. at 13, 14.)

        The ALJ has a "special duty to fully and fairly develop the record." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

        The ALJ did not err in failing to develop the record. At the hearing, the ALJ offered to take on the task of securing the school records. However, Plaintiff's counsel explicitly agreed to provide the records to the ALJ. The ALJ then agreed to leave the record open for thirty days to allow counsel to obtain the records. In fact, the ALJ held the record open for two months past the hearing date. The ALJ's actions were sufficient to satisfy his duty to develop the record. Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ satisfied his duty to develop the record by holding the record open so that the claimant could supplement the evidence); see also Petrosyan v. Massanari, 13 F. App'x 643, 644 (9th Cir. 2001) (same). Thus, there was no error.

**D.**    **The ALJ Properly Considered Plaintiff's Testimony.**

        In his final claim, Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discrediting Plaintiff's testimony regarding his subjective complaints. Plaintiff's argument rests on the assertion that the ALJ did not provide adequate reasoning for rejecting Plaintiff's subjective complaints of headaches, pain, and cramping in the right side, and blurred vision in his right eye. (JS at 19-24.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient.)

Once a claimant has presented medical evidence of an underlying impairment which could reasonably be expected to cause the symptoms alleged, the ALJ may only discredit the claimant's testimony regarding subjective pain by providing specific, clear, and convincing reasons for doing so. Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas, 278 F.3d at 958-59 (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at

346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. ? 404.1529 (2005); Morgan, 169 F.3d at 600 (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

Here, with respect to Plaintiff's headaches, the ALJ did not reject his complaints. Rather, the ALJ accepted Plaintiff's complaints of headaches and the ALJ's "assessed residual functional capacity takes into consideration the degree of functional loss attributable to headaches." (AR at 15-16.) Significantly, in challenging the ALJ's RFC assessment, Plaintiff argues only that the ALJ failed to consider Plaintiff's limitation to three-step tasks. Plaintiff has not argued that the ALJ's RFC assessment was incompatible with Plaintiff's complaints of headaches.

Next, Plaintiff argues that the ALJ failed to provide adequate reasons for rejecting Plaintiff's complaints of right eye blurring and right side pain and cramping. While the ALJ did omit any reasoning in this regard, he was under no duty to provide reasons for rejecting these complaints. The duty to provide reasoning for rejecting a claimant's subjective complaints is triggered by the claimant's presentation of medical evidence of an underlying impairment which could reasonably be expected to cause the symptoms alleged. Lingenfelter, 504 F.3d at 1035-36. The record does not contain any medical evidence that Plaintiff suffers from any impairment of the right eye or right side. Accordingly, the ALJ did not err in failing to provide reasons for rejecting these complaints. Thus, there was no error.

IV.

**ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: July 31, 2012

HONORABLE OSWALD PARADA
United States Magistrate Judge